UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABEL M. RODRIGUEZ,

        Plaintiff,                              Case No. 1:20-cv-52

v.                                                  Hon. ROBERT J. JONKER

SOCIAL SECURITY ADMINISTRATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Abel M. Rodriguez has filed two lawsuits in this Court, both of which are related to his employment at the Social Security Administration (SSA). This is his first lawsuit ("*Rodriguez I*"). Plaintiff improperly filed this lawsuit in the United States Court of Appeals for the Federal Circuit (docketed as case no. 2020-1025), which transferred it to this Court on January 21, 2020. *See* Compl. (ECF No. 1); Order (ECF No. 15); Order (ECF No. 23). After the Federal Circuit transferred the present case, plaintiff filed a second lawsuit here, *Abel Rodriguez v. Andrew Saul*, 1:20-cv-211 ("*Rodriguez II*"). This matter is now before the Court on defendant's motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 25).[1]

     **I.**       **Background**

     **A.**      **Plaintiff's complaint**

In its order transferring the case, the Federal Circuit provided a broad outline of the issues raised by plaintiff:

> We do not have authority to decide this case. Although we have jurisdiction to review decisions of the MSPB [Merit Systems Protection Board] concerning

---

[1] The Court notes that it is filing, on this date, a Report and Recommendation regarding the defendant's motion to dismiss *Rodriguez II*.

1

> personnel actions, 5 U.S.C. § 7703(b)(1)(A), our jurisdiction does not extend to cases in which the petitioner also pursues a discrimination claim, 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1985 (2017). Instead, review of a so-called mixed case must be sought in federal district court. *Perry*, 137 S. Ct. at 1985.
>
> Because Mr. Rodriguez has asserted and continues to assert discrimination claims, the case properly belongs in federal district court. Pursuant to 28 U.S.C. § 1631, this court may transfer an appeal to a court that would have jurisdiction if an appeal could have been brought in that other court. Here, that court would be the United States District Court for the Western District of Michigan.

Order (ECF No. 15, PageID.173).  In a footnote, the Federal Circuit stated:

> Mr. Rodriguez's submissions also reference an Equal Employment Opportunity Commission (EEOC) case.  To the extent that he is also seeking review of an EEOC decision, such review is also appropriate in federal district court and not this court.  *See* 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by . . . the [EEOC] upon an appeal from a decision or order of [an] . . . agency . . . on a complaint of discrimination[,] an employee . . . may file a civil action . . . .").

*Id*.

This Court is presented with plaintiff's 47-page complaint which is at times disorganized and rambling.  Defendant has provided a fair summary of the allegations contained in the complaint.  First, defendant untangled the incidents which underly plaintiff's claims:

> Mr. Rodriguez began working for the Social Security Administration ("SSA") as a Claims Specialist, GS-11, in 2000. (Rodriguez Aff., PageID.11.) He was given a letter of reprimand on November 8, 2017, for conduct unbecoming a federal employee following two incidents in October 2017. (*Id*. at PageID.15.)  In the first incident, Mr. Rodriguez repeatedly took over a meeting to discuss matters that he had been told would be discussed privately with him after the meeting. (*See id*. at 15-16.)  In the second, he sent a message to his coworkers and managers stating that he would no longer speak to or acknowledge them because doing so caused him stress. (*Id*. at 16, 18.)  He disagreed with the SSA's conclusion that his conduct was inappropriate, but he does not dispute that he argued during the meeting or sent the message. (*Id*.)
>
> Mr. Rodriguez applied for disability retirement on December 22, 2017; that was the last day he appeared at the Battle Creek, Michigan, office for work. (*Cf. id*. at PageID.11, 13, 14, 20.)  Mr. Rodriguez exhausted his Family and Medical Leave Act leave a few months later, on February 6, 2018. (*Id.* at 20.)  On March 1,

2

> he submitted a doctor's note stating that he could not return to work sooner than September 2018. (*Id*.) Later that month, the SSA notified him that, due to his absences without leave, it would initiate a removal action if he did not return to work by April 13, 2018. (*Id*.) Mr. Rodriguez did not return to work between December 22, 2017, and October 2018, when he ultimately took disability retirement. (*See id*. at PageID.11, 13, 14, 20-21.)

Defendant's Brief (ECF No. 26, PageID.190-191).

### B. Plaintiff's three claims

Defendants identified three claims buried in plaintiff's complaint.

#### 1. Workplace discrimination prior to March 30, 2018

First, plaintiff alleges workplace discrimination and retaliation related to national origin, age, and disability in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act. These claims arose before March 14, 2018 and are presently on administrative appeal at the EEOC:

> On March 14, 2018, Mr. Rodriguez initiated a formal EEO complaint alleging discrimination and harassment. (*Id*.) [ECF No. 26-1, PageID.202-203] The agency accepted the following claims:
>
> 1. Whether the agency failed to provide him with a reasonable accommodation based on disability (physical), beginning December 12, 2017, and ongoing.
>
> 2. Whether the agency subjected him to disparate treatment based on age (over 40), national origin (Hispanic), and disability (physical), when, on November 6, 2017, he was reprimanded.
>
> 3. Whether the agency subjected him to non-sexual harassment based on age (over 40), national origin (Hispanic/Latino), and disability (physical), beginning on October 5, 2017, and ongoing, including the March 29, 2018, letter concerning his absence.

> (*Id.* at 1.) These claims—related to a disability accommodation, a reprimand, and a letter concerning his absences—were assigned case number CHI-18-0248-SSA. (*See id.*) When the agency denied his claims, Mr. Rodriguez requested a hearing from the EEOC, which docketed the claims as case number 470-2019-00179X. (Notice of Docketing, PageID.48.) The matter is still pending administrative review; EEOC has not yet issued a decision in this matter.

3

*Id*. at PageID.191.

### 2. Workplace discrimination and retaliation between March 30, 2018 and October 13, 2018

Second, plaintiff alleged workplace discrimination and retaliation which occurred between March 30, 2018 and October 13, 2018.[2] The SSA assigned this claim no. CHI-18-1014-SSA and identified it as follows:

> 1. Whether the agency subjected him to non-sexual harassment based on age (over 40), sex (male), national origin (Hispanic), disability (physical), and retaliation (prior EEO activity) between March 30, 2018 until October 13, 2018 in terms of working conditions.

SSA Corrected Acceptance Letter (ECF No. 26-2, PageID.211).

In its brief, defendant points out that claim CHI-18-1014-SSA, appears to be the basis for plaintiff's lawsuit filed in this Court as *Rodriguez II*:

> On May 30, 2019, SSA issued a final agency decision on case number CHI-18-1014-SSA, Mr. Rodriguez's claim related to alleged discrimination and retaliation that had occurred between March 30, 2018 and October 13, 2018. The agency concluded Mr. Rodriguez had not been subjected to harassment. It advised Mr. Rodriguez that he could appeal to the EEOC's Office of Federal Operations ("OFO"), or to district court. The matter is presently in the Western District of Michigan, where it was assigned case number 1:20-cv-00211.

Defendant's Brief at PageID.194. The Court agrees that plaintiff's claims related to CH-18-1014-SSA are alleged in *Rodriguez II*. Accordingly, the Court should address those claims in *Rodriguez II*.

---

[2] The Court notes that plaintiff filed a single complaint on or about November 2, 2018, which contained four claims. The SSA bifurcated the complaint because plaintiff "raised an allegation that is appealable to the Merit Systems Protection Board (MSPB) rather than the Equal Employment Opportunity Commission (EEOC or Commission), as well as matters that are appealable separately to the EEOC." SSA Corrected Acceptance Letter (ECF No. 26-2, PageID.210). The SSA dismissed two claims (2 and 3) and allowed two claims to move forward (1 and 4). *Id*. at PageID.210-213. Claims 1 and 4 are relevant to plaintiff's claims in this lawsuit and discussed below.

4

### 3. The claim on appeal from the MSPB

Third, plaintiff appealed a claim to the MSPB. The SSA identified this claim as follows:

> 4. Whether the agency subjected him to disparate treatment based on age (over 40), sex (male), national origin (Hispanic), disability (physical), and retaliation (prior EEO activity) when, on October 13, 2018, he was forced to retire.

SSA Corrected Letter at PageID.211. The SSA assigned this claim a new case number:

> Claim 4 identified above is defined as a mixed case complaint, which is a complaint containing actions that the MSPB has jurisdiction to address. Claims under the MSPB's jurisdiction include forced retirement, among others. See 5 C.F.R. 1201.3(a)(1). Thus, Claim 4 will be processed under the newly assigned case number, CHI-19-0228-SSA.

*Id.* (emphasis omitted).

Defendant points out that CHI-19-0228-SSA involved a claim for constructive discharge, and that the MSPB dismissed the appeal for lack of jurisdiction:

> On May 9, 2019, SSA issued a final agency decision on Mr. Rodriguez's retirement claim, case number CHI-19-0228-SSA. (*See* Ex. 3, MSPB Decision, at 1.) It found no constructive discharge. (*See generally id.*)
>
> Mr. Rodriguez timely appealed the agency's decision in CHI-19-0228-SSA to the MSPB. (*See generally id.*) The MSPB docketed the appeal as case number CH-0752-19-0387-I-1. (*Id.*) The MSPB noted that it would not have jurisdiction over this claim unless Mr. Rodriguez could show his retirement was involuntary, and it requested jurisdictional statements from Mr. Rodriguez and the agency. (*Id.* at 2.) After reviewing those statements, the MSPB concluded it in fact lacked jurisdiction over claims related to Mr. Rodriguez's retirement, and it dismissed the case for lack of jurisdiction. (*Id.*)

Defendant's Brief at PageID.192-193; MSPB Initial Decision (ECF No. 26-3, PageID.221-238). In this regard, the MSPB stated, "Although the appellant requested a hearing, he has failed to allege sufficient facts to support a claim of Board jurisdiction over his appeal and therefore is not entitled to one." MSPB Initial Decision at PageID.222.

5

## II.     Defendant's motion to dismiss

### A.     Legal Standard

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff's one-page "response" to the motion (ECF No. 29) refers to both the present case and *Rodriguez II*.  Plaintiff makes no substantive arguments; he asks the Court not to dismiss either case because, "I have a right for my cases to be heard." Response at Page.ID.263.

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations."  *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.    Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records,

items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.     Discussion

Defendant contends that the Court should dismiss plaintiff's complaint without prejudice because he has not administratively exhausted his claims and his complaint fails to state a claim upon which relief can be granted.

#### 1.     Workplace discrimination CHI-18-0248-SSA and 470-2019-00179X

Defendant contends that plaintiff's employment and discrimination claims at issue in CHI-18-0248-SSA are unexhausted, because this claim is pending before the EEOC in case no. 470-2019-00179X.  Defendant's Brief at PageID.194-196. *See* Request for EEOC hearing (ECF No. 1, PageID.35); Notice of Docketing (ECF No. 1-1, PageID.48).  In his complaint, plaintiff conceded that these alleged incidents are now on appeal as case no. 470-2019-00179X, stating:

> I had already endured over 7 years of working under such hostile conditions and the reprimand which <u>I did not sign</u>!, was the action I felt most threatened my job because if SSA can do this without a valid reason, then they were on track to get me fired! This very reprimand is being disputed by me as it is full of lies, And [sic] case is pending [sic] an Administrative Judges [sic] decision.

Compl. at PageID.3. Nothing in the record indicates that this appeal has been decided.  In this regard, the Hearing Letter from the EEOC advised plaintiff that "the Detroit Field Office currently has a backlog of nearly 400 cases" and that "it will be at least two (2) years or more before additional cases will be assigned to an Administrative Judge." PageID.35.

As discussed, this claim involves alleged violations of Title VII, ADEA, and the Rehabilitation Act.  All of these claims require a plaintiff to administratively exhaust his claim at the EEOC and obtain a right-to-sue notice before filing a lawsuit in federal court. "Exhaustion of

administrative requirements is a precondition to filing a Title VII suit." *Lockett v. Potter*, 259 Fed. Appx. 784, 786 (6th Cir. 2008). "This requirement exists so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randolph v. Ohio Department of Youth Services*, 453 F.3d 724, 731-32 (6th Cir. 2006). "If the EEOC finds 'reasonable cause' to believe an employer has violated Title VII but chooses not to bring suit on behalf of the federal government, the EEOC will issue a 'notice of right to sue' on the charge to the aggrieved party." *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). In addition, the aggrieved person may also request a "right to sue" letter from the EEOC pursuant to the statute. *Id*. However, in either case, "[a]n individual may not file suit under Title VII if she does not possess a 'right to sue' letter from the EEOC." *Id*. The same exhaustion requirement applies to a claim brought under the Rehabilitation Act, *see Rosema v. Potter*, No. 1:08-cv-161, 2008 WL 4426335 at *4 (W.D. Mich. Sept. 26, 2008) (citing *Smith v. United States Postal Service*, 742 F.2d 257, 258-62 (6th Cir.1984)), and the ADEA, *see Howard v. DaimlerChrysler Corp.*, 290 F. Supp. 2d 784, 792 (E.D. Mich. 2003).

Here, plaintiff's claims brought pursuant to Title VII, the Rehabilitation Act, and the ADEA are still pending at the EEOC. The allegations set forth in plaintiff's complaint and the related documents filed by the parties establish that he has failed to administratively exhaust the claims at issue in CHI-18-0248-SSA and 470-2019-00179X. Accordingly, defendant's motion to dismiss these claims for lack of exhaustion should be granted.

  **2. Plaintiff's MSPB appeal CHI-19-0228-SSA and CH-0752-19-0387-I-1**

Defendant also seeks to dismiss plaintiff's appeal of the MSPB's determination in case no. CH-0752-19-0387-I-1, in which the MSPB states that it lacks jurisdiction to address the claim raised in case no. CHI-19-0228-SSA. Plaintiff's complaint does not discuss the merits of

this decision, *i.e.*, plaintiff does not address why the MSPB erred in finding that it lacked jurisdiction over his appeal. Rather, plaintiff spends several pages expressing his disagreement with the MSPB's determination stating, *e.g.*, "I totally disagree with Katherine Kern's decision, and I am requesting a judicial review with the U.S. Court of Appeals", "I do not feel represented by being assigned a 'white' female Administrative Judge, nor do I feel her decision was fair and unbiased," "My case involves 5 White females", "I was an exceptional hardworking individual," and, "I would like for someone to review Ms. Kern's dismissal decision." *See* Compl. at PageID.1, 7. While plaintiff gives a lengthy explanation of his work history, his actual claim against the MSPB consists of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" against Administrative Law Judge Katherine Kern. Plaintiff's allegations contesting the MSPB decision are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, defendant's motion to dismiss the claims raised in CHI-19-0228-SSA and CH-0752-19-0387-I-1 should be granted.

### III.  RECOMMENDATION

Accordingly, I respectfully recommend that defendant's motion to dismiss (ECF No. 25) be **GRANTED**.

I further recommend that the Court should address claims related to CH-18-1014-SSA in *Rodriguez II*.

I further recommend that this action be **DISMISSED**.

Dated:  February 25, 2021                                        /s/ Ray Kent
                                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).